# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVE E. LAUREANO, <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAUL, *Commissioner, Social Security Administration*, <br><br> Defendant. | CIVIL ACTION <br><br> NO. 20-00919-KSM |

## MEMORANDUM

**MARSTON, J.**                                                                                                             June 30, 2021

      This case arises from the denial of Plaintiff Steve E. Laureano's claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("SSA"), 42 U.S.C. § 1381 *et seq.* On April 26, 2019, an Administrative Law Judge ("ALJ") at the Social Security Administration found that Mr. Laureano is not disabled under Section 1614(a)(3)(A) of the SSA; this decision stands as the final decision of the Commissioner of Social Security in this case. (R. 1, 35.)[1] Mr. Laureano sought judicial review of that decision in this Court (Doc. No. 2), and subsequently moved for summary judgment, arguing that the ALJ's decision was not supported by substantial evidence (Doc. No. 13). On May 27, 2020, this Court referred the case to United States Magistrate Judge Marilyn Heffley for a Report and Recommendation ("R&R"). (Doc. No. 10.) On February 26, 2020, Judge Heffley issued an R&R recommending that Mr. Laureano's Request for Review be denied. (Doc. No. 16.) Presently before the Court are Mr. Laureano's objections to that R&R. (Doc. No. 17.)

---

[1] Citations to the administrative record will be indicated by "R." followed by the page number.

I.   **BACKGROUND**

The background of this case is set forth in Judge Heffley's R&R and is only recited as necessary to address Mr. Laureano's objections.

Mr. Laureano, born November 11, 1971, was 44 years old when he applied for SSI benefits on June 24, 2016. (R. 21, 34.) Mr. Laureano alleged that he became disabled and unable to work on February 1, 2006[2] and that he was still disabled at the time of filing. (R. 342.) He listed arthritis, depression, anxiety, high blood pressure, high cholesterol, asthma, and type two diabetes as his limiting conditions. (R. 369.) Mr. Laureano does not speak, read, write, or understand English. (R. 368.) He received regular mental health treatment at Cohmar, Inc. from counselor Mercedes Rojas and psychiatrist Dr. Bird. (R. 565–696, 1196–1324.) He also received treatment for his diabetes and related issues at Maria De Los Santos Health Center and Esperanza Health. (R. 697–728, 929–1185; 43–206, 735–898.)

On April 26, 2019, the ALJ found that Mr. Laureano was capable of performing light work as defined in 20 C.F.R. § 416.967(b), with the exception that he was able to frequently use foot controls. (R. 27.) While Mr. Laureano was unable to return to his previous occupation in construction, a vocational expert testified at the administrative hearing that there were jobs that existed in significant numbers in the economy that were suitable for Mr. Laureano, such as cleaner, marker II, and hand presser. (R. 34–35, 377–78.) Mr. Laureano requested a review of the ALJ's decision on June 27, 2019, which was denied on January 3, 2020, making the ALJ's decision the final decision of the Commissioner. (R. 1, 336.)

Unhappy with the denial, Mr. Laureano filed a Complaint in this Court on February 18,

---

[2] Both the ALJ's decision (R. 21) and the R&R (Doc. No. 16 at p.1) reference a February 1, 2006 onset date supported by R. 342. However, Mr. Laureano's Motion for Summary Judgment and Request for Review identifies a May 1, 2010 date supported by R. 232, 365. (Doc. No. 13-1 at p. 2.)

2

2020, in which he sought review of the ALJ's decision. (Doc. No. 2.) On May 27, 2020, the Honorable Karen Spencer Marston, to whom this matter was assigned, referred this matter to Judge Heffley for an R&R. (Doc. No. 10.) Mr. Laureano filed a Motion for Summary Judgment on October 14, 2020, in which he argued that the ALJ's decision to deny him SSI was unsupported by substantial evidence, as it must be. (Doc. No. 13.) The Government filed a Response in opposition to Mr. Laureano's Motion on November 13, 2020, arguing that the Social Security Administration's decision to deny Mr. Laureano SSI was supported by substantial evidence (Doc. No. 14), and Mr. Laureano filed a Reply twelve days later (Doc. No. 15).

On February 26, 2021, Judge Heffley issued her R&R, in which she concluded that the ALJ's decision denying Mr. Laureano SSI was supported by substantial evidence, and recommended that Mr. Laureano's petition for review of that decision be denied. (Doc. No. 16.) Mr. Laureano timely filed objections to Judge Heffley's R&R (Doc. No. 17), to which the Government responded on March 26, 2021 (Doc. No. 18).

## II. STANDARD OF REVIEW

The Court reviews the portions of the R&R to which there is an objection *de novo* and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). However, "[o]bjections which merely rehash an argument presented to and considered by a magistrate judge are not entitled to *de novo* review." *Gray v. Delbiaso*, Civil Action No. 14-4902, 2017 WL 2834361, at *4 (E.D. Pa. June 30, 2017); *see also Prout v. Giroux*, Civil Action No. 14-3816, 2016 WL 1720414, at *11 (E.D. Pa. Apr. 29, 2016) ("Where objections do not respond to the Magistrate's recommendation, but rather restate conclusory statements from the original petition, the objections should be overruled.").

3

When reviewing an administrative decision regarding denial of SSI, the Court's review is "limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact." *Schwartz v. Halter,* 134 F. Supp. 2d 640, 647 (E.D. Pa. 2001). "Substantial evidence 'does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (quoting *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988)). The required level is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence." *Rutherford v. Barnhart,* 399 F.3d 546, 552 (3d Cir. 2005). Thus, so long as any finding of fact by the Commissioner of Social Security has been supported by substantial evidence, the decision will be affirmed. 42 U.S.C. § 405(g).

## III. DISCUSSION

In his objections, Mr. Laureano generally asserts that the ALJ's decision was not based on substantial evidence. (Doc. No. 17 at p. 1.) Mr. Laureano then makes five specific objections that are mere reiterations of those made in his Request for Review. (*Compare* Doc. No. 13-1 at pp. 5–20, *with* Doc. No. 17 at pp. 3–8.) Specifically, Mr. Laureano objects that Judge Heffley (1) should have found that all of Dr. Bird's notes were medical opinions required to be given controlling weight and specifically addressed under 20 C.F.R. § 416.927, (2) failed to directly address the ALJ's reliance on checklist forms and failure to cite treating sources, (3) erred by finding that the ALJ assigned appropriate weight to the consultative doctors' notes, (4) did not consider Mr. Laureano's argument regarding non-compliance with diabetes treatment as a consequence of mental illness, and (5) should have found that the ALJ improperly drew conclusions himself by excluding the opinions of medical doctors when determining Mr.

Laureano's residual functional capacity. (Doc. No. 17 at pp. 3–8.) The Court addresses each of these objections in turn.

### A. Decision Based on Substantial Evidence

Mr. Laureano's general claim that the ALJ decision was not based on substantial evidence because he did not note his PTSD is unsupported. (Doc. No. 16 at p. 1.) Judge Heffley specifically addressed this, noting that the ALJ did in fact address Mr. Laureano's PTSD in his decision, and we agree. (Doc. No. 16 at pp. 7–8; R. 28, 30–31.)

### B. Controlling Weight of Dr. Bird's Notes

As to Mr. Laureano's first specific objection that Judge Heffley should have found that all of Dr. Bird's treatment notes should have been considered and given controlling weight, this issue was addressed by Judge Heffley, and the Court agrees with her that the ALJ did not fail to consider Dr. Bird's treatment records. (*See* Doc. No. 16 at p. 5.) The ALJ relies on Dr. Bird's records from Cohmar, Inc. when addressing Mr. Laureano's memory (R. 26), cooperative demeanor (*id.*), concentration (*id.*), good mood (*id.* at 27), grooming (*id.*), and more (R. 26–27; *see also id.* at 30, 32–33).

Contrary to Mr. Laureano's argument (Doc. No. 17 at p. 4), 20 C.F.R. § 416.927 does not require an ALJ considering an SSI application to give a treating doctor's opinion controlling weight; it simply states that "[g]enerally, [the Social Security Administration] give[s] more weight to medical opinions from treating sources." Further, paragraphs (c)(2)(i), (c)(2)(ii), (c)(3), and (c)(6) of § 416.927 provide factors that are applied when a treating source opinion is *not* given controlling weight—a clear textual indication that treating sources' medical opinions need not always be given controlling weight.[3]

---

[3] The Court notes that 20 C.F.R. § 416.927(c)(2) provides that the Social Security Administration "will always give good reasons in [their] notice of determination or decision for the weight [they] give [the

5

Here, the Court does not find that Dr. Bird's records qualify as medical opinions that are entitled to weight under 20 C.F.R. § 416.927(a)(1). Section 416.927(a)(1) defines a medical opinion as "statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s) . . . what you can still do despite impairment(s), and your physical or mental restrictions." *See Cowan v. Astrue,* 552 F.3d 1182, 1189 (10th Cir. 2008) (finding that a treating doctor's brief statement was not a true medical opinion as it did not contain any judgment about the claimant's limitations or what activities could still be performed); *Lara v. Comm'r of Soc. Sec.,* 705 Fed. App'x. 804, 812 (11th Cir. 2017) (same). Judge Heffley noted that Dr. Bird's records contained mainly checklist forms. (Doc. No. 16 at n.2.) Mr. Laureano points to some records with little narrative, but these consist mainly of transcriptions of Mr. Laureano's own complaints, which cannot serve as a basis for a "medical opinion" within the meaning of § 416.927(a). *Clark v. Berryhill,* No. 18-cv-00325-NRN, 2019 WL 2052161, at *4 (D. Colo. May 7, 2019) (finding that a doctor's relaying of plaintiff's symptoms is not a medical opinion). (*See* R. 1346, 1364, 1419.) After reviewing the record, the Court does not find an opinion of medical judgment by Dr. Bird as to Mr. Laureano's limitations that warrants being given controlling weight. *See Heath v. Berryhill*, No. CIV-16-1319-HE, 2018 WL 1733998, at *3 (W.D. Okla. Mar. 7, 2018) (finding that treatment notes of observations without medical judgment regarding impairments did not qualify as a medical opinion that needed to be given controlling weight).

Mr. Laureano's reliance on *Burnett v. Commissioner of Social Security Administration*, 220 F.3d 112, 121 (3d Cir. 2000), where the Third Circuit found that the ALJ erred when the

---

Claimant's] treating source's medical opinion." Because Dr. Bird's treatment records are not medical opinions as defined by the regulation, it was not necessary for the ALJ to take this step in considering Mr. Laureano's case.

ALJ failed to mention or address contradictory medical evidence (Doc. No. 17 at p. 5), is similarly inapposite. This case is distinguishable from *Burnett* because here there is no indication that the ALJ failed to consider Mr. Laureano's proffered medical evidence. As Judge Heffley addressed in the R&R (Doc. No. 16 at p. 7), the ALJ utilized Dr. Bird's treatment records when assigning weight to the opinion evidence. (*See* R. 32–33.)

### C. Reliance on Checklist Forms

As to Mr. Laureano's second objection, that Judge Heffley did not address the ALJ's reliance on checklist forms and alleged disregard of a treating source opinion, the Court finds this claim meritless. The burden is on the Claimant to establish that his or her condition meets the listing requirements and that he or she is therefore entitled to SSI benefits. *Burnett*, 220 F.3d at 120 n.2. Mr. Laureano asserts in his Motion for Summary Judgment and his objections that the ALJ disregarded evidence from treating sources. (Doc. No. 13-1 at pp. 9, 11–12.) However, the checklist forms Mr. Laureano claims are insufficient come from his treating doctors at Cohmar—individuals the ALJ concluded had properly evaluated Mr. Laureano.[4] Mr. Laureano contends that the consultative doctor evaluations provide a better assessment of his abilities (Doc. No. 13-1 at p. 12), but the ALJ addressed why he found that these opinions were inconsistent with Mr. Laureano's medical records and treatment history. (R. 32–33.) After reviewing the record and the R&R, the Court agrees with Judge Heffley's finding that the ALJ's finding in these respects was supported by substantial evidence.

### D. Weight Accorded Consultative Doctor's Notes

Next, Mr. Laureano objects to Judge Heffley's conclusion that the ALJ properly gave

---

[4] Mr. Laureano cites to pages 695 and 696 of the administrative record, implying that they support his argument. (*E.g.*, Doc. No. 13-1 at p. 11.) Being that R. 695 does not contain the attitude options listed and that R. 696 is a signature page, the court presumes Mr. Laureano intended to cite to earlier instances in the record.

little weight to the opinions of Drs. Wrable and Bosin because those opinions conflicted with the records from Mr. Laureano's treating doctors at Cohmar. (Doc. No. 16 at p.18; R. at p. 33.) This objection also fails to provide any basis for relief in this case. In his brief requesting review, Mr. Laureano cites cases which have no bearing on the case at hand. (Doc. No. 13-1 at p. 15.) Mr. Laureano relies upon an Eastern District of Wisconsin opinion where the court found that the ALJ's conclusion was flawed because the ALJ failed to cite medical evidence in his finding and failed to properly evaluate medical evidence, including not according weight to a consultative doctor's assessment. *Worzalla v. Barnhart,* 311 F. Supp. 2d 782, 795–99 (E.D. Wis. 2004). Here, the ALJ did not fail to cite medical evidence in his findings, nor did he fail to accord weight to the opinions of Drs. Wrable and Bosin. (*See* R. at pp. 24–27, 33.)[5] While the ALJ afforded the opinions little weight, he gave persuasive and reasonable explanations for doing so in accordance with 20 C.F.R. § 416.920c.

### E. Non-Compliance with Diabetes Treatment

Mr. Laureano's fourth specific objection is that Judge Heffley did not consider his argument that the ALJ did not address his contention that he did not comply with his diabetes treatment as a result of his mental illness. We find, as Judge Heffley did, that this argument is meritless. (Doc. No. 16 at pp. 19–21.) Specifically, Judge Heffley found that the ALJ discussed Mr. Laureano's noncompliance with his diabetes treatment and how his condition nonetheless continued to improve. (*Id.* at p. 20.) Judge Heffley further elaborated that the ALJ's decision was not based on Mr. Laureano's noncompliance, or on negative inferences drawn from that

---

[5] Mr. Laureano's reliance upon *Mirace v. Celebrezze,* 351 F.2d 361 (6th Cir. 1965), *Grable v. Sec'y of Health, Ed. & Welfare,* 442 F. Supp. 465 (W.D.N.Y. 1977), and *Crum v. Sullivan,* 921 F.2d 642 (6th Cir. 1990) is similarly misplaced. *Mirace* involved a failure to consider "the mass of medical evidence." *Mirace*, 351 F.2d at 373. *Grable* addressed a disregard of evidence without conflicting evidence. *Grable*, 442 F. Supp. at 471. *Crum* dealt with a psychologist's ability to establish a medically determined mental impairment. *Crum*, 921 F.2d at 645. These issues are not found in the present case.

noncompliance. (*Id.* at p. 21.) Rather, Judge Heffley found that the ALJ properly discussed noncompliance in his analysis of Mr. Laureano's conditions to ensure that he imposed proper limitations on the tasks he found Mr. Laureano was capable of performing. (*Id.*)

### F. Exclusion of Medical Opinions

Finally, Mr. Laureano's fifth specific objection that Judge Heffley should have found that the ALJ's decision was not based on medical evidence, is baseless. Mr. Laureano asserts that the ALJ "excluded the opinions of all the doctors" (Doc. No. 17 at p. 7), which is untrue. The ALJ specifically stated that he carefully considered the entire record and further considered the opinions of the various doctors and explained his reasonings for affording their opinions different weights. (R. at pp. 27, 32–33.) In his summary judgment brief, Mr. Laureano argued that the ALJ did not adequately account for his physical impairments such as his knee, hip, or back pain. (Doc. No. 13-1 at 20–21.) A diagnosis of an impairment is not enough to warrant benefits; rather, that impairment must result in a disabling limitation. *Philips v. Barnhart*, 91 F. App'x 775, 780 (3d Cir. 2004) (citing *Petition of Sullivan*, 904 F.2d 826, 845 (3d Cir. 1990)). As outlined in Judge Heffley's R&R, the ALJ adequately addressed these issues and his decision was supported by substantial evidence. (Doc. No. 16 at 23–24.)

## IV. CONCLUSION

For these reasons, the Report and Recommendation is approved and adopted, Mr. Laureano's Objections to the Report and Recommendation are overruled, and his Request for Review is denied.

An appropriate Order follows.